

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

---

970 Broad Street, 7th floor          973-645-2700
Newark, New Jersey 07102

AET/PL AGR
2024R00889

April 15, 2025

Laura Sayler, Esq.
Assistant Federal Public Defender
1002 Broad Street
Newark, NJ 07102

     Re:   <u>Plea Agreement with Jabbar Pharmes</u>

Dear Laura:

     This letter sets forth the plea agreement between your client, Jabbar Pharmes ("PHARMES"), and the United States Attorney for the District of New Jersey ("this Office"). This offer will expire on May 9, 2025, if it is not accepted in writing by that date. If PHARMES does not accept this plea agreement, his sentencing exposure could increase beyond what is discussed in this plea agreement as a result of this Office's investigation.

<u>Charge</u>

     Conditioned on the understandings specified below, this Office will accept a guilty plea from PHARMES to an Information, which charges PHARMES with unlawful possession of ammunition by a convicted felon. As part of this agreement, this Office will also accept a guilty plea from PHARMES to one Grade A violation of supervised release (Violation 1) predicated upon the offense set forth in the Information, in connection with the Petition for Summons or Warrant for Individual under Supervision filed in Crim. No. 21-824. If PHARMES enters a guilty plea and is sentenced on the charge in the Information, as well as the violation of supervised release, and otherwise fully complies with this agreement, this Office will not initiate any further criminal charges against PHARMES for possessing a firearm or ammunition, or for discharging a firearm on or about June 12, 2024, in Jersey City, New Jersey.

     But if a guilty plea in this matter is not entered for any reason or a guilty plea or judgment of conviction entered in accordance with this agreement does not remain in full force and effect, this Office may reinstate any dismissed charges and initiate any other charges against PHARMES even if the applicable statute of limitations period for those charges expires after PHARMES signs this

agreement, and PHARMES agrees not to assert that any such charges are time-barred.

Sentencing

The violation of 18 U.S.C. § 922(g)(1) to which PHARMES agrees to plead guilty in the Information carries a statutory maximum prison sentence of 15 years and a statutory maximum fine equal to the greatest of (1) $250,000, or (2) twice the gross amount of any pecuniary gain that any persons derived from the offense, or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense.

The violation of supervised release to which PHARMES agrees to plead guilty carries a statutory maximum prison sentence of 2 years.

The sentences on the Information and the violation of supervised release may run consecutively to each other or to any prison sentence PHARMES is serving or is ordered to serve. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon PHARMES is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. Those Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what Guidelines range may be found by the sentencing judge, or as to what sentence PHARMES ultimately will receive.

Further, in addition to imposing any other penalty on PHARMES, the sentencing judge as part of the sentence:

(1)    will order PHARMES to pay an assessment of $100 pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing;

(2)    may order PHARMES to pay restitution pursuant to 18 U.S.C. § 3663 *et seq.*;

(3)    must order forfeiture pursuant to 18 U.S.C. § 924;

(4)    pursuant to 18 U.S.C. § 3583, may require PHARMES to serve a term of supervised release of not more than 3 years, which will begin at the expiration of any term of imprisonment imposed. Should PHARMES be placed on a term of supervised release and

subsequently violate any of the conditions of supervised release before the expiration of its term, he may be sentenced to not more than 2 years' imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

Forfeiture

As part of PHARMES' acceptance of responsibility, and pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c), PHARMES agrees to forfeit to the United States all firearms and ammunition involved in or used in the commission of the offense charged in the Information, including but not limited to one .40 caliber S&W shell casing (the "Specific Property").

PHARMES acknowledges that the Specific Property is subject to forfeiture as firearms or ammunition involved in or used in the violation of 18 U.S.C. § 922(g) charged in the Information.

PHARMES waives the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Pursuant to Fed. R. Crim. P. 32.2(b)(4), PHARMES consents to the entry of a forfeiture order that, in the Office's discretion, may be final as to the defendant prior to the defendant's sentencing. PHARMES understands that criminal forfeiture pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c) is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this pursuant to Fed. R. Crim. P. 11(b)(1)(J) at the guilty plea proceeding. PHARMES further understands that he has no right to demand that any forfeiture of his assets be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose in addition to forfeiture. PHARMES waives all constitutional, statutory, and other challenges to the forfeiture on all grounds, including that the forfeiture constitutes an excessive fine or punishment under the Eighth Amendment.

PHARMES also consents to the administrative and/or civil judicial forfeiture of the Specific Property pursuant to 18 U.S.C. § 984. PHARMES agrees that he will not file a claim or a petition for remission or mitigation in any forfeiture proceeding involving the Specific Property and will not cause or assist anyone else in doing so. To the extent PHARMES has filed a claim or petition in any administrative or civil judicial forfeiture proceeding involving the Specific Property, such claims or petitions are deemed withdrawn. PHARMES further agrees to take all necessary steps to pass clear title to the Specific Property to the United States, including, but not limited to, the surrender of such property

- 3 -

to the United States, its agent, or designee, and the execution of all necessary documentation.

PHARMES further consents and agrees to forfeit and abandon to federal, state, and/or local law enforcement all of his right, title, and interest in the Specific Property; waives all challenges of any kind to the forfeiture and abandonment of this property by federal, state, and/or local law enforcement; waives any additional notice requirement in connection with the forfeiture and/or abandonment of this property; and consents to the destruction of the forfeited and/or abandoned property at the discretion of federal, state, and/or local law enforcement.

<u>Rights of This Office Regarding Sentencing</u>

Except as otherwise provided in this agreement, this Office may take any position with respect to the appropriate sentence to be imposed on PHARMES by the sentencing judge. This Office may also correct any misstatements relating to the sentencing proceedings and provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. And this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of PHARMES' activities and relevant conduct with respect to this case.

<u>Stipulations</u>

This Office and PHARMES will stipulate at sentencing to the statements set forth in the attached Schedule A, which is part of this plea agreement. Both parties understand that the sentencing judge and the United States Probation Office are not bound by those stipulations and may make independent factual findings and may reject any or all of the parties' stipulations. Nor do these stipulations restrict the parties' rights to respond to questions from the Court and to correct misinformation that has been provided to the Court.

This agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it believes materially conflicts with a Schedule A stipulation, that stipulation shall no longer bind this Office. A determination that a Schedule A stipulation is not binding shall not release the parties from any other portion of this agreement, including any other Schedule A stipulation.

If the sentencing court rejects a Schedule A stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court did so properly. Finally, to the extent that the parties do not

stipulate to a particular fact or legal conclusion in this agreement, each reserves the right to argue how that fact or conclusion should affect the sentence.

Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A and the paragraph below, this Office and PHARMES waive certain rights to appeal, collaterally attack, or otherwise challenge the judgment of conviction or sentence.

Immigration Consequences

PHARMES understands that, if he is not a citizen of the United States, his guilty plea to the charged offense will likely result in him being subject to immigration proceedings and removed from the United States by making him deportable, excludable, or inadmissible, or ending his naturalization. PHARMES understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. PHARMES wants and agrees to plead guilty to the charged offense regardless of any immigration consequences of this plea, even if this plea will cause his removal from the United States. PHARMES understands that he is bound by this guilty plea regardless of any immigration consequences. Accordingly, PHARMES waives any right to challenge the guilty plea, sentence, or both based on any immigration consequences. PHARMES also agrees not to seek to withdraw this guilty plea, or to file a direct appeal, or any kind of collateral attack challenging the guilty plea, conviction, or sentence, based on any immigration consequences of the guilty plea or sentence.

Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. If requested to do so, however, this Office will bring this agreement to the attention of other prosecuting offices.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against PHARMES. So this agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service and Immigration and Customs Enforcement) or any third party from initiating or prosecuting any civil or administrative proceeding against him.

No provision of this agreement shall preclude PHARMES from pursuing in an appropriate forum, when permitted by law, a claim that he received constitutionally ineffective assistance of counsel.

<u>No Other Promises</u>

This agreement constitutes the entire plea agreement between PHARMES and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

ALINA HABBA
UNITED STATES ATTORNEY

By: Alison Thompson
Assistant U.S. Attorney

APPROVED:

Desiree Grace
First Assistant United States Attorney

I have received this letter from my attorney, Laura Sayler, Esq. I have read it. My attorney and I have reviewed and discussed it and all of its provisions, including those addressing the charge, sentencing, stipulations (including the attached Schedule A), violation of supervised release, waiver, forfeiture, and immigration consequences. I understand this letter fully and am satisfied with my counsel's explanations. I accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:


_J. Pharmes_                                    Date: 5-02-2025
Jabbar Pharmes


I have reviewed and discussed with my client this plea agreement and all of its provisions, including those addressing the charge, sentencing, stipulations (including the attached Schedule A), violation of supervised release, waiver, forfeiture, and immigration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.


_Laura Sayler_                                  Date: 05/2/2025
Laura Sayler, Esq.
Counsel for Defendant


- 7 -

Plea Agreement with Jabbar Pharmes

Schedule A

1.     This Office and Jabbar Pharmes ("PHARMES") agree to stipulate to the following facts:

    a.   On or about June 12, 2024, PHARMES was driving a 2024 green Kia Niro (the "Vehicle") in Jersey City, New Jersey.

    b.   PHARMES stopped the Vehicle in the area of Oxford Avenue, exited the vehicle, and fired a handgun towards John F. Kennedy Boulevard.

    c.   One individual ("Victim-1") was shot in the leg.

    d.   On or about June 12, 2024, PHARMES knowingly possessed ammunition, namely one round of .40 caliber S&W ammunition (the "Ammunition").

    e.   The Ammunition was manufactured outside the State of New Jersey and therefore necessarily traveled in interstate or foreign commerce prior to June 12, 2024.

    f.   On or about June 12, 2024, when PHARMES possessed the Ammunition, PHARMES knew that he had previously been convicted of at least one crime punishable by a term of imprisonment exceeding one year and thus that he was prohibited from possessing the Ammunition.

    g.   As one example, PHARMES knew that on or about September 18, 2014, he was convicted in the Superior Court of New Jersey, Hudson County, for unlawful possession of a weapon, in violation of N.J.S.A. 2C:39-5B(1), which is a crime punishable by imprisonment for a term exceeding one year, and for which PHARMES was sentenced to five years' imprisonment.

    h.   As another example, PHARMES knew that on or about January 5, 2023, he was convicted in the United States District Court for the District of New Jersey for possession with intent to distribute controlled substances, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), which is a crime punishable by imprisonment for a term exceeding one year.

    i.   On or about June 12, 2024, PHARMES was on supervised release and knew it was a violation of his conditions of

- 8 -

supervised release to commit another federal, state, or local crime.

2.    To the extent the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence.

3.    Neither party will argue for a collective term of imprisonment below 60 months or above 84 months (the "Stipulated Range"). The parties agree that a collective term of imprisonment within the range of 60 to 84 months for the possession of ammunition by a convicted felon charged in the Information and the violation of supervised release, which is predicated upon the criminal conduct charged in the Information is reasonable, taking into account all of the factors under 18 U.S.C. § 3553(a). The parties recognize, however, that the Stipulated Range will not bind the District Court.

4.    If the District Court imposes a term of imprisonment within the Stipulated Range:

a.    This Office will not appeal any component of that sentence. The term "any component of that sentence" means the term of imprisonment, the term (and conditions) of supervised release, any fine, any restitution, any forfeiture, and the special assessment.

b.    PHARMES will not challenge his conviction for any reason by any means, other than ineffective assistance of counsel, and he will not challenge or seek to modify any component of his sentence for any reason by any means, other than ineffective assistance of counsel. The term "any means" includes a direct appeal under 18 U.S.C. § 3742 or 28 U.S.C. § 1291, a motion to vacate the sentence under 28 U.S.C. § 2255, a motion to reduce the term of imprisonment under 18 U.S.C. § 3582(c)(1)(B) or (c)(2), a motion for early termination of supervised release under 18 U.S.C. § 3583(e)(1), and any other appeal, motion, petition, or writ, however captioned, that seeks to attack or modify any component of the sentence.

c.    These waiver provision, however, do not apply to:

i.    Any component of the sentence that is below an applicable statutory minimum penalty or above an applicable statutory maximum penalty for PHARMES' offense and conviction;

ii.    Any proceeding to revoke the term of supervised release.

- 9 -

      iii.    A motion to reduce the term of imprisonment under 18 U.S.C. § 3582(c)(1)(A).

      iv.    An appeal from the denial of a § 3582(c)(1)(A) motion on the grounds that the court erred in finding no extraordinary and compelling circumstances warranting a reduced term of imprisonment or that the court failed to consider those circumstances as a discretionary matter under the applicable factors of 18 U.S.C. § 3553(a).

     5.    Lastly, the parties have stipulated to certain facts above. The parties recognize that none of those stipulations bind the District Court. Furthermore, neither party will challenge at any time, using any means, the District Court's acceptance of a stipulated fact.